**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JEAN LACHAUD,**

    **Plaintiff,**

**vs.**                                                    **CASE NO.:**

**FLORIDA     DEPARTMENT     OF**
**TRANSPORTATION,**

    **Defendant.**

**_____/**

**<ins>COMPLAINT AND DEMAND FOR JURY TRIAL</ins>**

Plaintiff JEAN LACHAUD ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant FLORIDA DEPARTMENT OF TRANSPORTATION ("Defendant") and in support thereof states as follows:

**<ins>INTRODUCTION</ins>**

This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq.* ("Title VII"), and the Florida Civil Rights Act of 1992, Fla. Stat. §760.01 *et seq.* ("FCRA") to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## PARTIES

1.     Plaintiff is an adult individual who resides in Seminole County, Florida.

2.     At all times material to this action, Defendant FLORIDA DEPARTMENT OF TRANSPORTATION, was and is an agency of the State of Florida.

3.     Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

## JURISDICTION AND VENUE

4.     Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving Title VII.   Jurisdiction over state law claims also arise under the Court's supplemental jurisdiction, 28 U.S.C. § 1367.

5.     This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Seminole County, Florida.

6.     The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Seminole County, Florida.

7.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 5, 2018.   On November 19, 2018 the EEOC issued its right-to-sue letter on the Charge of Discrimination.   Therefore this complaint is being filed within 90 days of Plaintiff receiving his right-to-sue letter.

## FACTUAL ALLEGATIONS

8.     Plaintiff is Black and born in the country of Haiti. Plaintiff and his family emigrated to the United States of America a number of years ago.

9.     Plaintiff worked for Defendant from September 2003 through December 1, 2017.

10.     Plaintiff was originally hired by Defendant as a Contracts and Permit Manager at Defendant's Oviedo location. Plaintiff's position later changed to Permit Coordinator.

11.     During Plaintiff's employment with Defendant, he has been discriminated against because of his race, Black and his national origin, Haitian.

12.     Plaintiff was also retaliated against after he complained about being discriminated against because of his race and national origin.

13.     Jim Wood, a white male and Plaintiff's former direct supervisor and later the Oviedo Operations Engineer, made numerous racist comments as well as derogatory comments regarding Plaintiff being Haitian.  For example, Wood would say in a negative tone that "Haitians were taking over" the Department of Transportation division. Wood would often make this offensive comment despite the fact that there were only three persons of Haitian decent employed in the six local Department of Transportation offices. Wood also often made comments to Plaintiff that Plaintiff's children were merely "tokens" and were receiving affirmative action benefits because he was Black and Haitian. Wood also once told Plaintiff that Plaintiff's children would have not attended college if Plaintiff was still living in Haiti.

14.     On or about September 2016, Christopher Coleman, a white male, became Plaintiff's direct supervisor. Coleman also made derogatory comments to Plaintiff. Specifically, Coleman would state, in reference to Plaintiff, "this Haitian guy thinks he knows everything."

15.     In mid-2016, Plaintiff discovered that four white males performing the same work as Plaintiff were making annual salaries of $50,000 to $57,000.00, while Plaintiff was

making less than $40,000.00 per year. Interestingly, Plaintiff had been doing the same job as the four white males since 2003 and actually trained two of the four white males who were making more money than him.

16.     Once Plaintiff discovered this discrepancy in salary, he complained to his supervisor, Wood, that he believed the difference in pay for him versus the white males was a result of discrimination because of his race and because he was Haitian. Wood was upset at Plaintiff for making the complaint.

17.     After Plaintiff complained, Wood responded, "what else do you want from this country, your kids get everything for free." Wood later told Plaintiff in a threatening manner, "you will be sorry you challenged me."

18.     Because Plaintiff had complained he had been discriminated against, on December 2, 2016, Plaintiff was "promoted" to the Permits Coordinator II position and given a pay raise. However, Plaintiff's raise was $8,000.00, which was far less than what the four white males were earning. In addition, Plaintiff was not given any back pay for the years he was not properly paid for performing the same work.

19.     Despite being promoted and given a pay increase, true to his word, Wood began to retaliate against Plaintiff following his discrimination complaint. Indeed, the retaliation started with Plaintiff's next annual evaluation. Wood intentionally gave Plaintiff a lower than normal overall rating of "3." Plaintiff vehemently disagreed with the overall rating and voiced his opposition to same to Wood. After Plaintiff complained about the rating, Wood rudely said, "that's good enough for you." Plaintiff had never received such a low rating and had been performing the same job since 2003. This overall

rating of "3" directly affected Plaintiff's the annual salary increase Plaintiff was scheduled to receive.

20.     Thereafter, in late November 2017, Plaintiff was summoned to meet with Human Resources, Wood and Plaintiff's then immediate supervisor, Coleman. Unbeknownst to Plaintiff, the meeting was to discuss alleged performance issues about Plaintiff's job. At the meeting, Plaintiff was told for the first time, that he did not return clients' calls; abused company's time/resources by being on personal calls; and had made calls to phone sex lines using the company's phone. Although Plaintiff did receive personal calls, like everyone else, he specifically denied he called phone sex lines and that he did not return client calls. Plaintiff was shocked at the allegations because during his many years of employment with Defendant, he had neither performance decencies nor any allegations of violating company policies.

21.     Curiously, Plaintiff did not receive any disciplinary action as a result of the allegations of misconduct.

22.     Because the allegations were so offensively false, Plaintiff was extremely upset and immediately become ill.  After leaving the meeting to return to his office, Plaintiff started to feel worse and became dizzy and as a result, fainted.  Plaintiff was taken to the hospital's emergency room by ambulance. Plaintiff was diagnosed with hypertension and anxiety and was told by the doctor to not to return to work until after he was re-evaluated by his Primary Care Physician.

23.     On December 1, 2017, Plaintiff went to see his Primary Care Physician and his Physician ordered Plaintiff to stay on bed-rest for one week, which meant he was to

return to work on December 11, 2017. Plaintiff informed Human Resources and his supervisor of his need to be out of work because of his illness until December 12, 2017. However, when Plaintiff reported to work on December 12, 2017, Plaintiff learned from Wood that his employment had been terminated effective December 1, 2017.  Plaintiff was not notified of his termination despite Wood claiming a letter was sent to Plaintiff's home.

24.    The reason given to Plaintiff for his termination was "for failure to satisfactorily complete your probationary period."

25.    Apparently, when Plaintiff was "promoted" to the Permits Coordinator II position on December 2, 2016, he was placed on one year probation despite the fact that Plaintiff had been performing the duties of the Permits Coordinator II since 2003.

26.    The stated reason for Plaintiff's termination is a pretext for discrimination and retaliation. Although officially promoted on December 1, 2016, Plaintiff had been performing the same job since 2003 and had no performance or disciplinary issues.

**COUNT I**
**DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII**

27.    Plaintiff re-alleges and adopts Paragraphs 1-26  as though set forth fully herein

28.    Plaintiff is member of protected class due to his race.

29.    By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against plaintiff on the basis of his race in violation of Title VII.

30.    Defendant knew or should have known of the discrimination.

31. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## COUNT II
## DISCRIMINATION BASED ON RACE IN VIOLATION OF THE FCRA

32. Plaintiff re-alleges and adopts paragraph 1 – 26 as though set forth fully herein

33. Plaintiff is member of protected class due to his race.

34. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against plaintiff on the basis of his race in violation of the FCRA.

35. Defendant knew or should have known of the discrimination.

36.     The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under state law.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.   Back pay and benefits;

    b.   Interest on back pay and benefits;

    c.   Front pay and benefits;

    d.   Compensatory damages for emotional pain and suffering;

    e.   Injunctive relief;

    f.   Prejudgment interest;

    g.   Costs and attorney's fees; and

    h.   Such other relief as the Court may deem just and proper.

## COUNT III
## DISCRIMINATION BASED ON NATIONAL ORIGIN IN VIOLATION OF TITLE VII

37.     Plaintiff re-alleges and adopts paragraph 1 – 26 as though set forth fully herein

38.     Plaintiff is member of protected class due to his national origin.

39.     By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of his national origin in violation of Title VII.

40.    Defendant knew or should have known of the discrimination.

41.    The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

    **WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## COUNT IV
## DISCRIMINATION BASED ON NATIONAL ORIGIN IN VIOLATION OF THE FCRA

42.    Plaintiff re-alleges and adopts paragraph 1 –26 as though set forth fully herein

43.    Plaintiff is member of protected class due to his national origin.

44.     By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against plaintiff on the basis of his national origin in violation of the FCRA.

45.     Defendant knew or should have known of the discrimination.

46.     The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

     **WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a.   Back pay and benefits;

   b.   Interest on back pay and benefits;

   c.   Front pay and benefits;

   d.   Compensatory damages for emotional pain and suffering;

   e.   Injunctive relief;

   f.   Prejudgment interest;

   g.   Costs and attorney's fees; and

     **h.**   Such other relief as the Court may deem just and proper.

## COUNT V
## RETALIATION IN VIOLATION OF TITLE VII

47.     Plaintiff re-alleges and adopts paragraph 1 – 26 as though set forth fully herein.

48.     Plaintiff is a member of a protected class under Title VII because he engaged in protective activities.

49.     Plaintiff engaged in protected activity when he complained to Wood about the discriminations due to his race and national origin.

50.     Wood's treatment of Plaintiff became worse after his complaints.

51.     This retaliation resulted in Plaintiff's termination.

52.     By the conduct described above, Defendant treated Plaintiff differently than his white counterparts and engaged in unlawful employment practices and retaliated against Plaintiff because he engaged in protected activities in violation of Title VII.

53.     Defendant knew, or should have known, of the retaliation and discrimination that Plaintiff was subjected to.

54.     At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's state and federally protected rights.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages for emotional pain and suffering;

e.   Injunctive relief;

f.   Prejudgment interest;

g.   Costs and attorney's fees; and

h.   Such other relief as the Court may deem just and proper.

## COUNT VI
## RETALIATION IN VIOLATION OF THE FCRA

55.   Plaintiff re-alleges and adopts paragraph 1 – 26 as though set forth fully herein.

56.   Plaintiff is a member of a protected class under the FCRA because he engaged in protective activities.

57.   Plaintiff engaged in protected activity when he complained to Wood about the ongoing discriminations due to his race and national origin.

58.   Wood's treatment of Plaintiff became worse after his complaints.

59.   This retaliation resulted in Plaintiff's termination.

60.   By the conduct described above, Defendant treated Plaintiff differently than his white counterparts and engaged in unlawful employment practices and retaliated against Plaintiff because he engaged in protected activities in violation of the FCRA.

61.   Defendant knew, or should have known, of the retaliation and discrimination that Plaintiff was subjected to.

62.   At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's state and federally protected rights.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages for emotional pain and suffering;

e.   Injunctive relief;

f.   Prejudgment interest;

g.   Costs and attorney's fees; and

h.   Such other relief as the Court may deem just and proper.

**Plaintiff specifically reserves the right to amend his Complaint to seek punitive damages against Defendant**

Dated on this 8th day of February, 2019.

Respectfully submitted,

**s/ ANTHONY J. HALL**
Anthony J. Hall, Esq.
Florida Bar No.: 40924
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Direct Tel.:     (407) 418 2079
Facsimile:      (407) 245-3390
Email: ahall@forthepeople.com
Counsel for Plaintiff